1  | RICHARD LLOYD SHERMAN, ESQ. (STATE BAR NO. 106597)
   | ABHAY KHOSLA, ESQ. (STATE BAR NO. 223555)
2  | SHERMAN LAW GROUP
   | 9454 Wilshire Boulevard, Suite 850
3  | Beverly Hills, California 90212-2929
   | Telephone:    (310) 246-0321
4  | Facsimile:    (310) 246-0305

5  | Attorneys for Plaintiffs LESA AMOORE,
   | KOJII HELNWEIN, and AMANDA BOOTH

6

7

8  | ## UNITED STATES DISTRICT COURT

9  | ## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| LESA AMOORE, an individual; KOJII HELNWEIN, an individual; AMANDA BOOTH, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>L'CHERIYVE LLC, a California Limited Liability Corporation; YVETTE POOLE, an individual,<br><br>                    Defendant. | **CASE NO. 2:15-CV-09988**<br><br>**COMPLAINT FOR:**<br><br>1.   **COPYRIGHT INFRINGEMENT;**<br><br>2.   **MISAPPROPRIATION IN VIOLATION OF *CIVIL CODE* §3344;**<br><br>3.   **MISAPPROPRIATION IN VIOLATION OF *CIVIL CODE* §3344;**<br><br>4.   **BREACH OF CONTRACT**<br><br>5.   **FRAUD / NEGLIGENT MISREPRESENTATION** |

        Plaintiffs Lesa Amoore, Kojii Helnwein, and Amanda Booth (hereafter the *"Plaintiffs"*) hereby aver as follows:

## JURISDICTION AND VENUE

        1.      This action arises under the Copyright Act, 17 U.S.C.§101 *et seq.*, and the common law of the State of California.

        2.      This court has subject matter jurisdiction over this action pursuant, inter alia, to 28 U.S.C §§1331 and 1338.  To the extent that this action is based on related state claims, the Court has supplemental jurisdiction thereto under 28 U.S.C. §1367. //

3.      This Court has personal jurisdiction over Defendants because, among other things, Defendants have done business in the State of California and in this judicial district, the act of infringement complained of herein is averred to have occurred in the State of California and in this judicial district, and Defendants have caused injury to Plaintiffs and their intellectual property within the State of California and in this judicial district.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§1391 and 1400 in that Defendants have transacted business and are present in the Central District of California, and as set forth herein, a substantial part of the events and/or omissions giving rise to the Plaintiffs' claims occurred in this district.

## PARTIES

5.      Plaintiff Lesa Amoore ("*Amoore*") is an individual residing in Los Angeles, California.

6.      Plaintiff Kojii Helnwein ("*Helnwein*") is an individual residing in Scotland.

7.      Plaintiff Amanda Booth ("*Booth*") is an individual residing in Los Angeles, California.

8.      Upon information and belief, Plaintiffs aver on information and belief that defendant L'Cheriyve LLC ("*L'Cheriyve*") is a California limited liability company headquartered in Malibu, California.

9.      Upon information and belief, Plaintiffs aver on information and belief that defendant Yvette Poole ("*Poole*") is an individual residing in Malibu, California.

## ALTER EGO RELATIONSHIP OF POOLE AND L'CHERIYVE

10.     Plaintiffs are informed and believe and on such information and belief aver that there exists, and at all times herein mentioned there existed, a unity of interest and ownership among the Defendants Poole and L'Cheriyve such that individuality and separateness between these Defendants has ceased to exist, and L'Cheriyve is the alter ego of Poole.

11.   Upon information and belief, Plaintiffs further aver that L'Cheriyve is the alter ego of Poole in that (a) activities and business of L'Cheriyve were carried out without the holding of directors' or shareholders' meetings, (b) no records or minutes of any corporate proceedings were maintained, and/or (d) Poole has used assets of L'Cheriyve for personal uses, caused assets of the corporations to be transferred without adequate consideration and/or have withdrawn funds from the corporation's bank accounts for their personal use.

12.   Plaintiffs aver that Poole has completely controlled, dominated, managed and operated L'Cheriyve and intermingled her personal assets with those of the corporation to suit the convenience of Poole.  L'Cheriyve is, and at all times herein mentioned was, a mere shell, instrumentality, conduit and/or skeletal framework used by Poole for her personal purposes and that if any records are kept and maintained by L'Cheriyve, those records were created to cover up the manipulation and dominance by Poole that occurred prior to the preparation of said records.

13.   Fraud and injustice would be promoted by adherence to the fiction of the corporate existence of L'Cheriyve separate and apart from Poole, and Defendants should not be allowed to evade justice by asserting the corporate veil.

## THE PROTECTED WORKS

14.   In or about October 2012, Plaintiff Amoore authored one hundred and thirteen (113) photographs featuring models Helnwein and Booth (referred to hereinafter as the "*Copyrighted Work*").

15.   The Copyrighted Work are original to Plaintiff Amoore and thus copyrightable subject matter under the laws of the United States of America.

16.   On or about November 3, 2015, Plaintiff Amoore complied in all respects with the Act of October 19, 1976 Title 1 §101,90 Stat. 2541; 17 USC §§401-412, and all other laws governing copyright and sought to secure the exclusive rights and privileges in and to the copyright of the Copyrighted Work.

17.     A true and correct copy of the Copyright Registration dated August 7, 2015 is attached hereto as **EXHIBIT "A"**.

### FACTUAL AVERMENTS

18.     In or about October 2012, Plaintiff Amoore, a self-employed photographer, was asked to create a series of photographic images to promote apparel created by L'Cheriyve, an apparel, merchandise and service company.

19.     Amoore prepared an invoice for L'Cheriyve, which invoice contained various Terms & Conditions.  Pursuant to such Terms and Conditions, L'Cheriyve and Amoore agreed, inter alia, that (a) Amoore would grant L'Cheriyve a limited one-year license to reproduce the Copyrighted Works on the "web" (*i.e.* internet) only, (b) such web use would be for "trade/ECOM/ e-commerce/ promotional/ marketing" and/or "web media: branding/lb", (c) any use by L'Cheriyve beyond the scope of that license either in time or nature would require L'Cheriyve to "obtain permission from the Photographer and additional fees [in an amount to be determined]", and (d) L'Cheriyve was to provide a credit for Amoore "whenever practical, unless negotiated in advance."

20.     Thereafter, L'Cheriyve accepted the Invoice (including the Terms and Conditions attached thereto ) (the "***Agreement***"), including *inter alia* by paying the invoice before the photo-shoot commenced.  A true and correct copy of the Agreement is attached hereto as **Exhibit "B"**.

21.     On or about October 25 and 26, 2012, pursuant to the Agreement, Amoore prepared the photographic images, utilizing Helnwein and Booth as models therefor.

22.     Prior to the photoshoot, however, Booth expressed concerns that her image not be used to promote sexual toys that L'Cheriyve sold on their website.  In order to obtain the use of her image, and modeling services, L'Cheriyve represented to Booth that her image would not be used to promote sexual toys or any other content other than L'Cheriyve apparel.

23. In or about January 2013, Amoore completed delivery of an agreed-upon number of the Copyrighted Work to Poole, the owner of L'Cheriyve. Thereafter, L'Cheriyve began its use online in March 2013. Pursuant to the Agreement, L'Cheriyve thus only had a one year license to exploit the delivered Copyrighted Work , *i.e.* the license was set to expire in March 2014. Pursuant to the license, L'Cheriyve's permitted use was limited to the online use specified in the Agreement.

24. In or about June 2015, however, Plaintiffs discovered for the first time that notwithstanding the express terms of the Agreement, the limited scope of the license obtained thereby, and their other promises, L'Cheriyve had

(a) continued to reproduce the Copyrighted Works online (including those featuring Helnwein and Booth) long after the expiration of the license provided to them in March 2014 (and indeed, upon information and belief, to the present date);

(b) created large prints of certain of the Copyrighted Work, which they had placed on display at the L'Cheriyve offices, without the permission or consent of any of the Plaintiffs and despite the fact such use was far outside the limited web-only license which had been provided to them;

(c) used one of the Copyrighted Works (an image of Helnwein) on a billboard in Times Square, despite the limited internet-only nature of the use permitted under the Agreement;

(d) made available the Copyrighted Works to the public as a downloadable pdf file and encouraged the public to print out said pdf file, which use further exceeded the permitted uses specified in the Agreement;

//

//

SHERMAN LAW GROUP
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California 90212

COMPLAINT

N:\DOCS\1713-1 Lesa Amoore\Pleadings\Complaint.wpd

1      (e)     utilized an altered version of one of the Copyrighted Works featuring

2                  Booth to promote a "pole-dancing" unrelated to L'Cheriyve's apparel,

3                  and without concern for (a) the promises made to Booth before she had

4                  agreed to participate in the photoshoot, or (b) the harm it might cause to

5                  Booth's reputation to be associated without her consent with

6                  Defendants' sexual content;

7      (f)     altered and otherwise prepared derivative works of the Copyrighted

8                  Works without Plaintiffs' knowledge or consent;

9      (g)     used the Copyrighted Work as part of editorial articles, which use was

10                 also not contemplated under the uses specified in the Agreement (which

11                 contemplated e-commerce); and

12      (h)     consistently failed to credit Amoore, notwithstanding their Agreement

13                 to do so.

14      25.    Beginning in or about July 2015, and thereafter, Plaintiffs have

15 complained about the unauthorized use of the Copyrighted Works (and the resulting

16 misappropriations of the likenesses of Booth and Helnwein), but Defendants have

17 failed and refused to cease their misconduct, despite knowing they have no license

18 for any of their misconduct and that their misconduct is without the Plaintiffs'

19 consent.

20         **FIRST CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT**

21                     *(By Amoore against All Defendants)*

22      26.    Plaintiffs hereby repeat and re-aver by reference all facts and averments

23 contained in paragraphs 1 through 25 of this Complaint as though fully and

24 completely set forth in full herein.

25      27.    As is averred hereinabove, Plaintiff Amoore is the sole and exclusive

26 owner of the Copyrighted Work.

27

28

28.     Defendants have infringed the Copyrighted Work as set forth above in paragraph 24, which infringements have included (a) reproducing them without Plaintiff's authorization or consent, (b) preparing unauthorized derivative works of the Copyrighted Works, and (c) displaying the Copyrighted Works including on a Times Square billboard and in the L'Cheriyve offices without Plaintiff's authorization or consent.

29.     As a result of the foregoing instances of infringement, Plaintiff is entitled to their actual damages in addition to any profits attributable to the infringement in a total amount to be established by proof at trial, in a sum within the jurisdictional requisites of this Court.

## SECOND CLAIM FOR RELIEF FOR MISAPPROPRIATION

*(By Helnwein Against All Defendants)*

30.     Plaintiffs hereby repeats and re-avers by reference all facts and averments contained in paragraphs 1 through 25 of this Complaint  as though fully and completely set forth in full herein.

31.     As set forth hereinabove, Defendants knowingly and intentionally used and continue to use Helnwein's likeness (including by reproducing her image on a Times Square billboard) but did not request nor obtain Helnwein's consent or authorization before using her likeness then or at any time thereafter.  Upon information and belief, Plaintiffs aver that Defendants profited greatly from their unauthorized use, and are continuing to do so.

32.     Defendants intruded into Plaintiff Helnwein's privacy by using images of her without her consent, and such use was in a manner that is and at all relevant times, highly offensive to Plaintiff and further would be highly offensive to a reasonable person.  Defendants unauthorized use and exploitation of Plaintiff's image were intentional and subjected Plaintiff to undesired publicity, causing her extreme embarrassment and humiliation all to her damage in an amount as will shown according to proof.

33.     Said misconduct was wrongful pursuant to *California Civil Code* §3344 as well as the common law of the State of California.

34.     As a direct result of Defendants's unauthorized use, Plaintiff Helnwein has been damaged in an amount to be proven, including pursuant to an accounting by Defendants to which she is entitled and which she seeks herein.  Pursuant to Civil Code § 3344, Plaintiff is entitled to profits from the unauthorized use that are not taken into account in computing her actual damages, as well, or $750, whichever is greater.

35.     Defendants' conduct was malicious and despicable and was carried on with a willful and conscious disregard of Plaintiff Helnwein's rights.  Pursuant to Civil Code § 3344, she is entitled to a statutory penalty and exemplary damages for the sake of example and by way of punishing each of the Defendants in an amount to be ascertained at trial.

36.     Pursuant to Civil Code § 3344, Plaintiff is entitled to an award of attorneys' fees and costs according to proof should she prevail in this action.

**THIRD CLAIM FOR RELIEF FOR MISAPPROPRIATION**

*(By Booth Against All Defendants)*

37.     Plaintiffs hereby repeats and re-avers by reference all facts and averments contained in paragraphs 1 through 25 of this Complaint  as though fully and completely set forth in full herein.

38.     As set forth hereinabove, Defendants knowingly and intentionally used and continue to use Booth's likeness (including by utilizing her image to promote a "pole-dancing event", causing harm to her, including to her reputation) but did not request nor obtain Booth's consent or authorization before using her likeness then or at any time thereafter.  In facts, Defendants' use was despite Plaintiff's explicit directive to the contrary.  Upon information and belief, Plaintiffs aver that Defendants profited greatly from their unauthorized use.

39.     Defendants intruded into Plaintiff Booth's privacy by using images of her without her consent (including to promote "pole-dancing" events), and such use was in a manner that is and at all relevant times, highly offensive to Plaintiff and further would be highly offensive to a reasonable person.  Defendants unauthorized use and exploitation of Plaintiff's image was intentional and subjected Plaintiff to undesired publicity, causing her extreme embarrassment and humiliation all to her damage in an amount as will shown according to proof.

40.     Said misconduct was wrongful pursuant to *California Civil Code* §3344 as well as the common law of the State of California.

41.     As a direct result of Defendants's unauthorized use, Plaintiff Booth has been damaged in an amount to be proven, including pursuant to an accounting by Defendants to which she is entitled and which she seeks herein.  Pursuant to Civil Code § 3344, Plaintiff is entitled to profits from the unauthorized use that are not taken into account in computing her actual damages, as well, or $750, whichever is greater.

42.     Defendants' conduct was malicious and despicable and was carried on with a willful and conscious disregard of Plaintiff Booth's rights.  Pursuant to Civil Code § 3344, she is entitled to a statutory penalty and exemplary damages for the sake of example and by way of punishing each of the Defendants in an amount to be ascertained at trial.

43.     Pursuant to Civil Code § 3344, Plaintiff is entitled to an award of attorneys' fees and costs according to proof should she prevail in this action.

## FOURTH CLAIM FOR BREACH OF CONTRACT

*(By Amoore Against All Defendants)*

44.     Plaintiff hereby repeats and re-avers by reference all facts and averments contained in paragraphs 1 through 25 of this Complaint  as though fully and completely set forth in full herein.

SHERMAN LAW GROUP
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California 90212

COMPLAINT

45.   Pursuant to the express terms of the Agreement, Defendants were obligated to provide a credit to Amoore when using the Copyrighted Works.  Upon information and belief, however, Plaintiffs aver that Defendants breached the Agreement, including the implied covenant of good faith and fair dealing inherent thereto, by failing to consistently provide her with credit when using the Copyrighted Works, without obtaining her consent to omit such credit and even though it would have been practical and within their ability to provide such credit.

46.  Plaintiff has performed all obligations pursuant to the Agreement and to the extent any obligation on the Agreement was not performed by Plaintiff, such obligation was prevented or excused by Defendants.

47.   Plaintiff has not received full payment for services as required by the Agreement.  As a direct and proximate result of Defendants' breach of the Agreement, and the implied covenant of good faith and fair dealing inherent thereto, Plaintiff has suffered damages in a total amount to be established by proof at trial, in a sum within the jurisdictional requisites of this Court.

### FIFTH CLAIM FOR FRAUD / NEGLIGENT MISREPRESENTATION

*(By Booth Against All Defendants)*

48.   Plaintiff hereby repeats and re-avers by reference all facts and averments contained in paragraphs 1 through 25 of this Complaint  as though fully and completely set forth in full herein.

49.   Upon information and belief, at all relevant times, Plaintiffs aver that Defendants, and each of them, knew, and concealed to the Plaintiff at all relevant times that they intended to use her image to promote "pole-dancing" and/or matters unrelated to L'Cheriyve's apparel business.  In order to obtain her work as a model for the phoot-shoot, Defendants misrepresented to Booth prior to her participating in said photo-shoot that they would only use her image to promote L'Cheriyve's apparel business (the "*Representations*").

SHERMAN LAW GROUP
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California  90212

COMPLAINT

50.     At all times herein mentioned, Plaintiff Booth acted in reasonable reliance upon the Representations which were made to her prior to the photo-shoot of the Copyrighted Works, including *inter alia,* by participating in the photo-shoot, which she would not have done had she known the true facts, namely that Defendants intended to use her image to promote "pole-dancing."

51.   Defendants, and each of them, intentionally made the Representations with the intent to defraud Plaintiff Booth.  Plaintiff was not aware of the untruthful nature of the Representations until long after the photo-shoot, in approximately June 2015.

52.     As a direct and proximate result of such fraud and deceit, Plaintiff Booth has suffered actual, special, incidental and consequential damages in a sum which is presently unknown, but in a total amount to be established by proof at trial, in a sum within the jurisdictional requisites of this Court.  Among other things, she has suffered emotional distress, and damage to her reputation.

53.   The concealment, suppression and fraudulent misrepresentations described in the paragraphs above and incorporated here by reference, were done in a willful, wanton, oppressive, fraudulent, and malicious and intended to injure Plaintiff, and were carried on with conscious disregard of plaintiff's rights and with the intent to vex, harass and annoy Plaintiff.  Said conduct was despicable and justifies an award of exemplary and punitive damages in an amount  according to proof at the time of trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants and each of them, jointly and severally as follows:

### ON THE FIRST CLAIM FOR RELIEF

1.      For a preliminary and permanent injunction enjoining defendants from further infringing the copyrights of Plaintiff in any manner;

2.      For actual damages and profits according to proof;

SHERMAN LAW GROUP
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California  90212

COMPLAINT

N:\DOCS\1713-1 Lesa Amoore\Pleadings\Complaint.wpd

3.    That Defendants be required to pay to Plaintiff Amoore such damages as she sustained in consequence of Defendants' infringement of her copyright, and to account for:

    a.    All gains, profits, and advantages derived by Defendants by its infringement of Plaintiff's copyright or such damages as the court shall deem proper within the provisions of the copyright statute;

    c.    That Defendants deliver up to be impounded during the pendency of this action all copies of said infringing work as in its possession or under their control and deliver up for destruction all infringing copies and/or all plates, molds, or other matter used to make infringing copies.

4.    For costs.

## ON THE SECOND AND THIRD CLAIM FOR RELIEF

5.    For special damages in a sum according to proof;

6.    For general damages according to proof;

7.    For an accounting of monies derived by Defendants from their unlawful and unauthorized use of Plaintiffs Helnwein and Booth's name, image and/or likeness and an order that profits disclosed by such accounting be paid over to said Plaintiffs;

8.    For punitive damages in an amount to be ascertained at trial;

9.    For statutory damages in an amount to be ascertained at trial;

10.   For attorneys' fees and costs incurred herein;

## ON THE FOURTH CLAIM FOR RELIEF

11.   For damages in an amount according to proof, together with interest thereon;

//

//

SHERMAN LAW GROUP
9454 Wilshire Boulevard, Suite 850
Beverly Hills, California 90212

COMPLAINT

N:\DOCS\1713-1 Lesa Amoore\Pleadings\Complaint.wpd

1

## ON THE FIFTH CLAIM FOR RELIEF

2   12.   Special damages in a sum according to proof;

3   13.   General damages according to proof;

4   14.   Punitive damages in an amount to be ascertained at trial;

5   ## ON ALL CLAIMS FOR RELIEF

6   15.   For costs of suit and interest.

7   16.   For such other relief as is just and proper.

8

9   Dated: December 30, 2015        **SHERMAN LAW GROUP**

10

11                         By:   *Richard Lloyd S*

12                                RICHARD LLOYD SHERMAN
                                  Attorneys for Plaintiffs LESA AMOORE, KOJII
                                  HELNWEIN, AND AMANDA BOOTH

13

14   **PLAINTIFF HEREBY REQUESTS A JURY TRIAL IN THIS ACTION**

15

16   Dated: December 30, 2015        **SHERMAN LAW GROUP**

17                         By:   *Richard Lloyd S*

18                                RICHARD LLOYD SHERMAN
                                  Attorneys for Plaintiffs LESA AMOORE, KOJII
19                                HELNWEIN, AND AMANDA BOOTH

20

21

22

23

24

25

26

27

28